# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jeremy Wright, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 8:18-cv-00191-JMC |
| ) | |
| v. ) | |
| ) | |
| Joel Anderson, ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Respondent. ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on October 25, 2018 (ECF No. 31). The Report recommends dismissing Petitioner Jeremy Wright's Petition for Writ of Habeas Corpus (ECF No. 1) as time barred and dismissing Respondent's Motion for Summary Judgment (ECF No. 14) as moot. (ECF No. 31 at 20.) For the reasons that follow, the court **ACCEPTS** and **MODIFIES** the Magistrate Judge's Report, **DISMISSES** Petitioner's Habeas Petition as untimely, and **DENIES AS MOOT** Respondent's Motion for Summary Judgment as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2018, Petitioner, represented by counsel, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and sentence in South Carolina state court. (ECF No. 1.) Petitioner asserts four grounds for habeas relief. First, Petitioner claims his trial counsel was ineffective by failing (1) "to argue that the prosecution acted in bad faith in destroying evidence"; (2) "to object to the Solicitor's opening statement"; (3) "to review witness statements"; (4) "to strike juror 112"; (5) "to obtain a ballistics report"; and (6) "to object to testimony concerning photo line-up." (*Id.* at 5.) Second and third, Petitioner claims

1

"prosecutorial misconduct" and a violation of Due Process based on the alleged destruction of evidence by the Deputy Solicitor[1] in his case. (*Id.* at 7–8.) Fourth, Petitioner claims "he was denied his right to [D]ue [P]rocess and his right to a trial by a fair and impartial jury when one of his jurors failed to disclose that she was related to a witness." (*Id.* at 10.) Petitioner alleges that "Juror 124 failed to disclose that she was related to [the] lead investigator in the case." (*Id.*)

On April 4, 2018, Respondent filed a Motion for Summary Judgment. (ECF No. 14.) Respondent concedes that Petitioner has satisfied the exhaustion requirement, stating "[Petitioner's] [Habeas] Petition should not be dismissed in order to pursue available state remedies as there are none." (ECF No. 13 at 15.) As to the timeliness of Petitioner's Habeas Petition, Respondent states,

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] provides for a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). By Respondent's calculation, Petitioner timely filed his Petition within the limitations period because only three hundred forty-five (345) days of un-tolled time elapsed between the date his conviction be[came] final and the date he filed his [H]abeas Petition.

(*Id.* at 17 n.5.) As to Petitioner's ineffective assistance of counsel claims, Respondent argues, generally, that

> the state courts' rejection of [these] claims was not "contrary to" and did not involve an "unreasonable application of" clearly established United States Supreme Court precedent under § 2254(d)(1). Also, the decision rejecting these claims was not "based on an unreasonable determination of the facts" in light of the state court record.[2]

(*Id.* at 18 (citing § 2254(d)(2)).) As to Petitioner's claims of prosecutorial misconduct based on the alleged destruction of evidence, Respondent states "[t]he PCR judge found that Petitioner's

---

[1] In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *Davis v. Wilson*, No. C/A 9:12-2482-JMC-BM, 2012 WL 5245360, at *2 (D.S.C. Sept. 12, 2012) (citing S.C. Const. art. V, § 24; and S.C.Code Ann. § 1–7–310 (Westlaw 2012)).
[2] Respondent also addressed each of Petitioner's claims separately on the merits. (ECF No. 13 at 19–59.)

claim was beyond the statutory jurisdiction of [South Carolina's] Post-Conviction Relief Act because it had been originally presented at trial and could have been presented on direct appeal." (*Id.* at 59.) Accordingly, Respondent argues these claims are "procedurally defaulted under *Coleman*[ *v. Thompson*, 501 U.S. 722 (1991),] and the independent and adequate state ground rule."[3] (*Id.*) Additionally, Respondent asserts that "Petitioner cannot show cause for the default and prejudice from the default of these claims . . . or that a fundamental miscarriage of justice will occur if the claims are not heard, *i.e.*, an assertion of actual innocence." (*Id.* at 60.)

On June 8, 2018, Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment. (ECF No. 23.) In his Response, Petitioner only addressed his claim that his trial counsel was ineffective for failing to argue the State acted in bad faith in destroying evidence.[4] (*Id.* at 2.) Petitioner asserts that the Deputy Solicitor in his case "admitted that it was his belief that the evidence was destroyed because there was 'almost an assumption that since he was convicted in federal court, well, the State's not going to do anything with it.'" (*Id.* at 6.) Petitioner argues "[t]he State acted in objective bad faith when the officer failed to preserve [the evidence] operating under the . . . 'assumption' that Petitioner would not be tried in state court." (*Id.*) Petitioner asserts that based on *United States v. Elliott*, 83 F. Supp. 2d 637 (E.D. Va. 1999), "the PCR court's ruling that . . . counsel was not ineffective for failing to argue bad faith is contrary to federal precedent."[5] (*Id.*)

---

[3] "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (alteration in original) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009)).

[4] Petitioner stated that, "[a]s to all other grounds, [he] does not submit any additional argument." (ECF No. 23 at 7 n.1.)

[5] Petitioner asserts that this is a decision by the United States Court of Appeals for the Fourth Circuit and is "established federal precedent." (ECF No. 23 at 6.) However, *Elliott* is an opinion

On September 19, 2018, the Magistrate Judge requested "additional briefing regarding the timeliness of this case." (ECF No. 26.) The Magistrate Judge found that,

> After a review of the Petition and the record in this case, the Petition appears to be subject to dismissal because it is time barred. Although Respondent did not raise the statute of limitations issue, a federal court may raise the issue sua sponte. *See Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Once raised, "a court must accord the parties fair notice and an opportunity to present their positions" on the issue. *Day v. McDonough*, 547 U.S. 198, 210 (2006).
>
> The South Carolina Court of Appeals affirmed Petitioner[']s conviction by order filed on May 30, 2012 [Doc. 13-6], and Petitioner did not seek further review. Consequently, Petitioner had one year from June 14, 2012, fifteen days after the South Carolina Court of Appeals order was filed, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires); S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the Supreme Court of South Carolina for review until a motion for rehearing has been acted on by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision). Petitioner filed his PCR application on September 10, 2012 [App. 45965], such that 88 days of the one-year limitations period had elapsed before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2); therefore, the statute of limitations was tolled during the period the PCR application was pending from September 10, 2012, until March 2, 2017, when the remittitur from the appeal from the denial of Petitioner[']s PCR application was filed based on the Dillon County Fourth Judicial Circuit Public Index, *see Beatty v. Rawski*, 97 F.Supp.3d 768, 77[7] (D.S.C. 2015) (holding that final disposition of a post-conviction proceeding in South Carolina, for purposes of determining the date when a case is no longer pending under § 2244(d)(2), does not occur until the remittitur is filed in the circuit court). Thus, the one-year limitations period began to run again on March 2, 2017, and expired 277 days later on December 4, 2017. As a result, the Petition filed on January 23, 2018, more than one month after the expiration of the limitations period appears to be time barred.
>
> Accordingly, the parties shall present their positions on the one-year limitation[s] period.

---

from the United States District Court for the Eastern District of Virginia, and as such, cannot be established federal precedent binding on this court. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017) ("Given that published district court opinions, like unpublished opinions from our Court, have no precedential value, it follows that we should not consider them.").

(ECF No. 26.)

On September 26, 2018, Respondent submitted additional briefing as requested by the court. (ECF No. 28.) Respondent agreed with the Magistrate Judge that Petitioner's Habeas Petition is untimely under § 2244(d) and also argued that Petitioner is not entitled to equitable tolling. (*Id.* at 3–8.) Respondent further asserted that he "ha[d] not intentionally waived th[e] affirmative defense [of statute of limitations] in this case. Rather, Respondent failed to assert the statute of limitations as the result of inadvertence and miscalculation." (*Id.* at 11–12.) Finally, Respondent argued the interests of justice would be better served by dismissing Petitioner's Habeas Petition as time barred and that Petitioner has not been significantly prejudiced by the delayed focus on the limitations issue. (*Id.* at 13.) Respondent noted that "there have not been any court proceedings and the only actions occurring in the interim were the filing of Petitioner's Response to [Respondent's] Motion for Summary Judgment." (*Id.*) Additionally, Respondent argues that Petitioner cannot demonstrate that he is entitled to relief or an evidentiary hearing" on any of the claims in his Habeas Petition. (*Id.*)

On October 12, 2018, Petitioner submitted additional briefing as requested by the court. (ECF No. 30.) Petitioner argued

> the interest[s] of justice would be better served by reaching the merits. Given the fact that the Petition was filed within 90 days of the AEDPA statute of limitations, it is presumable that Respondent included the 90 days to seek review of the direct appeal by the United States Supreme Court. This is the same "inadvertent miscalculation" made by Petitioner's Counsel. . . . This is not a case where a petitioner filed the § 2254 petition long past the expi[r]ation of the AEDPA statute of limitation[s]. Had [P]etitioner sougha petition for rehearing before the South Carolina Court of Appeals and been denied, [P]etitioner's conviction would have become final 90 days later and this [Habeas] Petition would have been timely.

(*Id.* at 3–4.) Petitioner also cited *United States v. Oliver*, 878 F.3d 120, 126 (4th Cir. 2017) for the proposition that,

5

> "[j]ust because" we have the inherent authority to act "does not mean that it is appropriate to use that power in every case." *Dietz v. Bouldin*, –– U.S. ––, 136 S.Ct. 1885, 1893 . . . (2016). This is particularly true where, as here, the exercise of inherent power involves raising an issue that the parties have forfeited or waived and dismissing the case on that ground. In our adversarial system, "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 . . . (2008). The importance of preserving this system and its benefits weighs heavily against considering Rule 4(b) sua sponte.

(citations omitted). (*Id.*) Petitioner requested that the court find Respondent waived the statute of limitations defense and reach the merits of this case. (*Id.* at 4.)

On October 25, 2018, the Magistrate Judge filed her Report. (ECF No. 31.) The Magistrate Judge found Petitioner's Habeas Petitioner time barred and noted that "Petitioner does not assert he is entitled to equitable tolling." (*Id.* at 18.) Also, the Magistrate Judge was "unconvinced" by Petitioner's waiver and interests of justice arguments. (*Id.*) Based on Respondent's assertion that "he failed to raise the statute of limitations defense because of 'inadvertence and miscalculation,'" the Magistrate Judge found the defense was not waived. (*Id.* at 19.) As to Petitioner's interests of justice argument, the Magistrate Judge was "not persuaded by Petitioner's argument that the interests of justice would be better served by reaching the merits because the Petition was filed within 90 days of the AEDPA statute of limitations." (*Id.* at 20.) The Magistrate Judge noted that the habeas petition in *Day v. McDonough*, 547 U.S. 198 (2006), was filed only twenty-three (23) days after the expiration of the statute of limitations, but was still dismissed as untimely. (*Id.*) Accordingly, the Magistrate Judge recommends dismissing Petitioner's Habeas Petition as time barred and denying Respondent's Motion for Summary Judgment as moot. (*Id.*)

On November 8, 2018, Petitioner filed an Objection to the Report. (ECF No. 32.) Petitioner specifically objects to "the Magistrate Judge's . . . fail[ure] to adequately address whether the interst[s] of justice would be better served by addressing the [Habeas] [P]etition." (*Id.* at 1–2.) Petitioner asserts that the Report "fails to submit analysis or reasons for why the interest[s]

of justice are better served by refusing to address the merits of the [Habeas] Petition," which Petitioner argues is required under *Day*. (*Id.* at 2.) Petitioner further asserts that,

> The interest[s] of justice are not served when one party is punished for a miscalculation; while, in the same case, the other party is forgiven for the exact same miscalculation. Parties should be fed from the same proverbial spoon. The Report . . . does not do this. The parties both made the same miscalculation; however, only Petitioner is being penalized for his miscalculation. It is fundamentally unfair for a "neutral arbiter" to treat the parties differently for the same miscalculation.

(*Id.*)

On November 26, 2018, Respondent filed a Reply to Petitioner's Objection. (ECF No. 34.) Respondent asserts that Petitioner is not being punished for a miscalculation, but rather, is "being held to the limitations period of which he has notice and with which it was his obligation to comply." (*Id.* at 5.) Furthermore, Respondent notes that "several [c]ourts have often found that [Habeas] [P]etitions submitted much closer to the end of the limitations period were still time-barred." (*Id.* at 5–6.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Under *Day v. McDonough*,

> a district court has the discretion, but not the obligation, to consider on its own motion the timeliness of a habeas petition under AEDPA if (1) the parties have fair notice and an opportunity to be heard; (2) the state has not waived the limitations defense; (3) the "petitioner is not significantly prejudiced by the delayed focus on the limitation issue"; and (4) the court "determine[s] whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred."

*Gray v. Branker*, 529 F.3d 220, 241 (4th Cir. 2008) (quoting *Day*, 547 U.S. at 209–11).

Petitioner objects to the Magistrate Judge's Report, arguing the Magistrate Judge did not adequately address the fourth factor: "whether the interest[s] of justice would be better served by addressing the [Habeas] [P]etition." (ECF No. 32 at 1.) The *Day* Court mandated that *before* dismissing a § 2254 petition as untimely on its own motion, a federal district court *must*, in addition to providing fair notice and an opportunity to be heard, "assure itself that the petitioner *is not significantly prejudiced by the delayed focus on the limitation issue*, and '*determine whether the interests of justice would be better served*' by addressing the merits or by dismissing the petition as time barred." 547 U.S. at 210 (emphasis added). To assure itself that the petition in *Day* was not significantly prejudiced and to determine what disposition best served the interests of justice, the *Day* Court considered (1) when the Magistrate Judge gave the parties notice and a fair opportunity to be heard on the timeliness issue, (2) "whether court proceedings or action occurred in the interim," and (3) whether anything "in the record suggest[ed] that the State 'strategically' withheld the defense or chose to relinquish it." *Id*. at 210–11.

Here, the Magistrate Judge undoubtedly gave the parties notice and an opportunity to be heard by notifying the parties of the timeliness issue and requesting additional briefing. (ECF No. 26.) But, as to the interests of justice, the Magistrate Judge merely stated that she "[wa]s not persuaded by Petitioner's argument that the interests of justice would be better served by reaching

8

the merits because [his] [Habeas] Petition was filed within 90 days of the statute of limitations," pointing out that the Habeas Petition in *Day* was only twenty-three (23) days late. (ECF No. 31 at 20.) The Magistrate Judge also stated that she was not "persuaded by Petitioner's reliance on *United States v. Oliver*, 878 F.3d 120 (4th Cir. 2017)."[6] (*Id.*) The Magistrate Judge did not consider when she gave notice to the parties or whether anything had taken place in the case during the interim, which the Supreme Court considered in *Day*. (*See id.*) Apart from rejecting Petitioner's arguments, the Magistrate Judge did not offer any explanation for her finding that the interests of justice are better served by dismissing Petitioner's Habeas Petition. (*See id.*) This is insufficient to comport with *Day*. *See United States v. Harris*, 582 F. App'x 241, 241 (4th Cir. 2014) ("The district court in this case failed to accord the parties a meaningful opportunity, prior to its sua sponte dismissal, to respond to its finding that Harris' § 2255 motion was untimely. Further, *the court did not consider the prejudice to Harris or the interests of justice in making its decision*. Thus, we conclude that Harris has demonstrated that reasonable jurists would find debatable the district court's procedural ruling." (emphasis added)). Therefore, the court sustains Petitioner's objection to the Report, insofar as the court agrees that the Magistrate Judge "fail[ed] to adequately address . . . whether the interest[s] of justice would be better served by addressing the [Habeas] [P]etition."

Nevertheless, the court does not agree that the interests of justice would be better served by addressing the merits of Petitioner's Habeas Petition. Neither does the court find that Petitioner will be significantly prejudiced by dismissal of his Habeas Petition as time barred.[7] Here, the

---

[6] The Magistrate Judge did note that, "In his additional briefing, Petitioner does not assert he is entitled to equitable tolling." (ECF No. 31 at 18.)
[7] In addition to not adequately addressing whether the interests of justice would be better served by dismissal, the Magistrate Judge also did not consider whether Petitioner was *significantly prejudiced by the delayed focus on the limitations issue*; in fact, the word "prejudice" does not

9

Magistrate Judge gave the parties notice and a fair opportunity to present their positions some five months after Respondent filed his Return to Petitioner's Habeas Petition (ECF No. 13) and Motion for Summary Judgment (ECF No. 14). (ECF No. 26.) In *Day*, notice was given "nine months after the State answered the petition." *Day*, 547 U.S. at 210–11. Furthermore, no court proceedings have occurred in the interim, and the only action has been Petitioner's Response to Respondent's Motion for Summary Judgment. (*See* ECF No. 25.) But, Respondent filed his Motion for Summary Judgment with his Return to Petitioner's Habeas Petition, which was before the Magistrate Judge gave notice. *Day*, 547 U.S. at 211 ("No court proceedings or action occurred in the interim . . . ."). Finally, "nothing in the record suggests that [Respondent] 'strategically' withheld the defense or chose to relinquish it." *Day*, 547 U.S. at 211. In Respondent's Return to Petitioner's Habeas Petition, as to the timeliness of the Petition, Respondent stated,

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] provides for a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). By Respondent's calculation, Petitioner timely filed his Petition within the limitations period because only three hundred forty-five (345) days of un-tolled time elapsed between the date his conviction be[came] final and the he filed his [H]abeas Petition.

---

appear in her "Discussion" nor in her recitation of the standard from *Day*. (*See* ECF No. 31 at 19–20.) *Compare Day*, 547 U.S. at 210 (quoting *Granberry*, 481 U.S. 129, 136 (1987)), *with* (ECF No. 31 at 19 (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).) *See also Day*, 547 U.S. at 210 ("[T]he court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue . . . ."). However, Petitioner does not object to the Magistrate Judge's failure to address whether Petitioner was significantly prejudiced. (*See* ECF No. 32.) And, in his response to the Magistrate Judge's request for additional briefing on the statute of limitations, Petitioner did not advance any arguments that dismissal of his Habeas Petition as time barred would significantly prejudice him. (*See* ECF No. 30.) Still, even in the absence of specific objections, the court must ensure that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). *Day* makes clear that "the court must assure itself that the petitioner is not *significantly prejudiced* by the delayed focus on the limitation issue, *and* 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U.S. at 210 (emphasis added). Thus, the court will consider both.

(ECF No. 26 at 17 n.5.) Based on this representation, it appears to the court that Respondent made "merely an inadvertent error, a miscalculation." *Day*, 547 U.S. at 211. Accordingly, the court finds Petitioner has not been *significantly prejudiced* by the delayed focus on the statute of limitations issue and that the interests of justice would be better served by dismissing Petitioner's Habeas Petition as time barred.[8] *See Oliver*, 878 F.3d at 124 ("[A] federal habeas court may also consider a statute-of-limitations defense sua sponte because petitions brought under 28 U.S.C. § 2254 'implicate considerations of comity, federalism, and judicial efficiency to a degree not present in ordinary civil actions.'" (quoting *Hill v. Braxton*, 277 F.3d 701, 705–06 (4th Cir. 2002)).[9] As the court has come to the same conclusion as the Magistrate Judge, it accepts her Report, but modifies it to include the court's analysis regarding the significant prejudice to Petitioner and the interests of justice.

---

[8] Petitioner asserts that, "The parties both made the same miscalculation; however, only Petitioner is being penalized for miscalculation." (ECF No. 32 at 2.) But the *Day* framework belies Petitioner's charge of unfair penalization by requiring the court to give habeas petitioners fair notice and an opportunity to present their positions; ensure habeas petitioners are not significantly prejudiced by the delayed focus on the limitation issue; and determine whether the interests are better served by dismissal of a petition or addressing the merits. *Day*, 547 U.S. at 210.

[9] But, the court recognizes that while "[there is] no Rule, statute, or constitutional provision [that] commands the [court] to suppress th[e] knowledge [of a clear computation error]," *Day*, 547 U.S. at 210, the Supreme Court

> stress[ed] that a district court is not required to doublecheck the State's math. If, as this Court has held, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford,* 542 U.S. 225, 231 . . . (2004), then, by the same token, they surely have no obligation to assist attorneys representing the State.

*Id.* (footnote omitted). Neither "should [courts] sally forth each day looking for wrongs to right." *United States v. Oliver*, 878 F.3d 120, 126 (4th Cir. 2017) (quoting *Greenlaw v. United States*, 554 U.S. 237, 244 (2008)).

## IV. CONCLUSION

After a thorough and careful review of the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 31) and **MODIFIES** the Report to include the court's analysis regarding (1) whether Petitioner was significantly prejudiced by the delayed focus on the limitation issue and (2) whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred. *See Supra* Part III. Accordingly, as the court finds Petitioner is not significantly prejudiced by the delayed focus on the statute of limitations issue and that the interests of justice are better served by dismissing Petitioner's Habeas Petition (ECF No. 1) as time barred, the court **DISMISSES** Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) and **DENIES AS MOOT** Respondent's Motion for Summary Judgment (ECF No. 14).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 13, 2019
Columbia, South Carolina